Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 07-30866 (LMW) |
| | ) | | |
|   SUSAN NORA BANNER, | ) | CHAPTER | 7 |
| | ) | | |
|       DEBTOR. | ) | | |
| | | | |
| THE CADLE COMPANY, | ) | | |
| | ) | | |
|       MOVANT | ) | DOC. I.D. NOS. | 15, 21 |
| | ) | | |
|   vs. | ) | | |
| | ) | | |
| SUSAN NORA BANNER and | ) | **EVIDENTIARY HEARING DATE:** | |
| ROBERTA NAPOLITANO, CHAPTER | ) | **JUNE 25, 2007 AT 2:00 P.M.** | |
| 7 TRUSTEE, | ) | | |
| | ) | | |
|       RESPONDENTS. | ) | | |

## APPEARANCES

| | |
|---|---|
| Patrick W. Boatman, Esq. | Attorney for the Debtor |
| Law Offices of Patrick W. Boatman, LLC | |
| 111 Founders Plaza, Suite 1000 | |
| East Hartford, CT 06108 | |
| | |
| C. Donald Neville, Esq. | Attorney for Movant The Cadle Company |
| Kroll, McNamara, Evans & | |
|  Delehanty, LLP | |
| 29 South Main Street | |
| West Hartford, CT 06107 | |
| | |
| Roberta Napolitano, Esq. | Chapter 7 Trustee |
| 350 Fairfield Avenue | |
| Bridgeport, CT 06601 | |

**BRIEF MEMORANDUM AND ORDER CONDITIONING**
**AUTOMATIC STAY AND SCHEDULING EVIDENTIARY HEARING**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-referenced debtor (the "Debtor") commenced this chapter 7 case on April 19, 2007;

**WHEREAS,** on her "Schedule A. Real Property," the Debtor lists herself as "Fee Owner - 50%" of certain real property (the "Property") located in Moodus, Connecticut.[1] On her "Schedule C. Property Claimed as Exempt," the Debtor claims an exemption with respect to the Property under Section 52-352b(t) of the Connecticut General Statutes (the "Homestead Exemption"). On her "Schedule D. Creditors Holding Secured Claims," the Debtor shows that there is no equity in the Property;

**WHEREAS,** on May 25, 2007, The Cadle Company ("Cadle") filed a motion (Doc. I.D. No. 15, the "Motion") for relief from stay in respect of the Property;

**WHEREAS,** the Motion claims that Cadle holds a duly-recorded judgment lien (the "Lien") in respect of the Property in the approximate amount of $309,460.00. The Motion also claims that, prepetition, Cadle had commenced foreclosure proceedings in respect of the Lien. The Motion seeks relief from stay to, *inter alia,* continue the foreclosure proceedings on the grounds that (a) the Debtor has no equity in the Property (*see* 11 U.S.C. § 362(d)(2)) and/or (b) the Debtor's acquisition of her interest in the Property was without Cadle's consent and was part of a scheme to hinder, delay and defraud Cadle (*see* 11 U.S.C. § 362(d)(4));[2]

---

[1]     The Debtor's chapter 7 petition lists the Property as her residence.

[2]     The Motion claims that the Debtor owned an interest in the Property at the time the Lien was recorded. The Motion claims that, in September of 2004, the Debtor transferred her interest in the Property to a certain Arthur Lamme (the "Conveyance"). The Motion further claims that after foreclosure was begun and three weeks before the commencement of this case, Mr. Lamme reconveyed the interest in the Property to the Debtor (the "Reconveyance"). The court reserves a decision as to whether a scheme to hinder, delay and defraud a single creditor is sufficient for Section 362(d)(4) purposes.

**WHEREAS,** on June 12, 2007, the Debtor filed an objection (Doc. I.D. No. 21, the "Objection") to the Motion. The Objection asserts that the Motion should not be granted because the Lien can (and will) be avoided by the Debtor pursuant to 11 U.S.C. § 522(f)(1).[3] The Objection also asserts facts which (if proved) may establish nonfraudulent reasons for the Conveyance and the Reconveyance;

**WHEREAS,** a preliminary hearing (the "Hearing") on the Motion and the Objection was convened on June 13, 2007. Counsel for the Debtor and Cadle participated at the Hearing;

**WHEREAS,** at the Hearing counsel for Cadle argued that the Debtor's Section 522(f)(1) "defense" was unavailing because: (1) as a result of the Reconveyance, the Debtor took title to the Property subject to the Lien (*see Bianchini v. Ryan (In re Bianchini),* 346 B.R. 593 (Bankr. D. Conn. 2006)); and (2) the Homestead Exemption does not apply to the Property because the debt secured by the Lien arose prior to October 1, 1993 (*see Caraglior v. World Savings & Loan, et. al (In re Caraglior),* 251 B.R. 778 (Bankr. D. Conn. 2000));

**WHEREAS,** at the Hearing, counsel for the Debtor argued that the October 1, 1993 time limitation in respect of the Homestead Exemption is preempted by 11 U.S.C. § 522(c);[4]

**WHEREAS,** in some situations a debtor successfully may assert "extraneous grounds" (such as pending or impending litigation against the putative secured creditor in respect of its lien) in defense of a motion for relief from stay. *See Federal Nat'l Mortgage Assoc. v. Fitzgerald (In re Fitzgerald),* 237 B.R. 252, 259-60 (Bankr. D. Conn. 1999). Assuming that the secured creditor has met its initial burden in respect of the relief from stay motion, the burden shifts to the debtor to satisfy the preliminary

---

[3]  No Section 522(f)(1) motion is pending.

[4]  That argument (the "Preemption Issue") also was asserted in the Objection.

injunction standard in respect of the asserted extraneous grounds. *Id.* When the subject property is the debtor's residence, the threatened injury is deemed to be sufficiently severe that the standard for likelihood of success on the extraneous grounds is not very demanding. *Cf. Fitzgerald, supra.*;[5]

**WHEREAS,** with respect to Cadle's "fixing" argument, the court believes that the equities of the case may (on proof of appropriate facts) permit the court to use the Debtor's pre-Conveyance ownership of the Property (rather than her post-Reconveyance ownership of the Property) to determine whether the Section 522(f)(1) "fixing" requirement is satisfied;

**WHEREAS,** there is no binding authority in this circuit on the Preemption Issue.[6] On the other hand, there is a dispute among courts which have considered similar issues in the context of non-Connecticut state exemption law. *See* George M. Prescott Jr., *Amphisbaena! How 11 U.S.C. § 522(c) Expands and Contracts State-Law Exemptions in Bankruptcy,* 9 Am. Bankr. Inst. L. Rev. 435 (2001);

**WHEREAS,** given all of the foregoing, the court concludes that the Debtor may be able to meet the preliminary injunction standard with respect to the Debtor's Section 522(f) defense;

**WHEREAS,** there has yet been no evidentiary hearing with respect to Cadle's Section 362(d)(4) claim. Arguably, extraneous grounds cannot be raised in defense of a Section 362(d)(4) claim;[7]

---

[5] The court is not persuaded by Cadle's argument that the foreclosure proceedings should be allowed to proceed because judgment may be long in coming.

[6] At the Hearing, the court questioned whether *In re Gernat,* 98 F.3d 729 (2d Cir. 1996), was binding authority on the Preemption Issue. After a review, the court concludes that the Second Circuit's opinion in *Gernat* confined itself to the proper construction of the Homestead Exemption and did not address the Preemption Issue (neither did the court below, *see Gernat v. Belford,* 192 B.R. 601 (D. Conn. 1996)). Accordingly, the Second Circuit's opinion in *Gernat* is not binding authority on the Preemption Issue.

[7] Moreover, in this case, if Cadle otherwise prevails on its Section 362(d)(4) claim, equities likely will favor Cadle's position on the "fixing" issue and the Debtor will have no possibility of success on its Section 522(f)(1) defense.

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that a continued (evidentiary) hearing on Cadle's Section 362(d)(4) claim is scheduled for June 25, 2007 at 2:00 p.m. at the United States Bankruptcy Court, Connecticut Financial Center, 157 Church Street, 17th floor, New Haven, Connecticut; and it is further

**ORDERED** that (subject to further order of this court) the automatic stay in respect of the Property shall remain in effect through June 25, 2007 subject to the following condition: prior to such date, the Debtor shall have filed and served a motion to avoid the Lien pursuant to 11 U.S.C. § 522(f).[8] If the foregoing condition is not satisfied, orders will enter granting the Motion and overruling the Objection without further notice or a hearing; and it is further

**ORDERED** that the Clerk's office shall serve a copy of this order by this court's CM/ECF system (if applicable, otherwise by first-class mail) on counsel for the Debtor, counsel for Cadle and the chapter 7 trustee.

Dated: June 15, 2007                                                      BY THE COURT

*Lorraine Murphy Weil*
**Lorraine Murphy Weil**
**United States Bankruptcy Judge**

---

[8] To the extent necessary (if any), the court finds that there is a sufficient likelihood that the Debtor will prevail at a final hearing to justify the foregoing scheduling.