Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  07-30866 (LMW) |
| SUSAN NORA BANNER, | ) | CHAPTER  7 |
| DEBTOR. | ) | |
| THE CADLE COMPANY, | ) | |
| MOVANT | ) | DOC. I.D. NOS.  65, 77 |
| vs. | ) | |
| SUSAN NORA BANNER and ROBERTA NAPOLITANO, CHAPTER 7 TRUSTEE, | ) | **CONTINUED HEARING DATE: NOVEMBER 7, 2007** |
| RESPONDENTS. | ) | |

**APPEARANCES**

Patrick W. Boatman, Esq.                                 Attorney for the Debtor
Law Offices of Patrick W. Boatman, LLC
111 Founders Plaza, Suite 1000
East Hartford, CT  06108

C. Donald Neville, Esq.                                   Attorney for Movant The Cadle Company
Kroll, McNamara, Evans &
 Delehanty, LLP
29 South Main Street
West Hartford, CT  06107

Roberta Napolitano, Esq.                                Chapter 7 Trustee
350 Fairfield Avenue
Bridgeport, CT  06601

| | |
|---|---|
| Denise S. Mondell, Esq. | Attorney for the State of Connecticut |
| Assistant Attorney General | |
| 55 Elm Street, Fourth Floor | |
| P. O. Box 120 | |
| Hartford, CT  06141-0120 | |

## BRIEF MEMORANDUM AND ORDER ANNOUNCING PARTIAL DECISION
## ON CADLE COMPANY'S MOTION TO COMPEL TESTIMONY AND DEBTOR'S
## OBJECTION THERETO AND CONTINUING HEARING

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-referenced debtor (the "Debtor") commenced this chapter 7 case on April 19, 2007;

**WHEREAS,** on her "Schedule A.  Real Property," the Debtor lists herself as "Fee Owner - 50%" of certain real property (the "Property") located in Moodus, Connecticut.[1]  On her "Schedule C. Property Claimed as Exempt," the Debtor claims an exemption with respect to the Property under Section 52-352b(t) of the Connecticut General Statutes (the "Homestead Exemption").

**WHEREAS,** on May 25, 2007, The Cadle Company ("Cadle") filed a motion (Doc. I.D. No. 15, the "R/S Motion") for relief from stay in respect of the Property;

**WHEREAS,** the R/S Motion claims that Cadle holds a duly-recorded judgment lien (the "Lien") in respect of the Property in the approximate amount of $309,460.00.  The R/S Motion also claims that, prepetition, Cadle had commenced foreclosure proceedings in respect of the Lien.  The R/S Motion seeks relief from stay , *inter alia,* to continue the foreclosure proceedings on the grounds that (a) the Debtor has no equity in the Property (*see* 11 U.S.C. § 362(d)(2)) and/or (b) the Debtor's acquisition of

---

[1] The Debtor's chapter 7 petition lists the Property as her residence.

her interest in the Property was without Cadle's consent and was part of a scheme to hinder, delay and defraud Cadle (*see* 11 U.S.C. § 362(d)(4));[2]

**WHEREAS,** on June 12, 2007, the Debtor filed an objection (Doc. I.D. No. 21, the "R/S Objection") to the R/S Motion.  The R/S Objection asserts that the R/S Motion should not be granted because the Lien can (and will) be avoided by the Debtor pursuant to 11 U.S.C. § 522(f)(1);

**WHEREAS,** a preliminary hearing (the "R/S Hearing") on the R/S Motion and the R/S Objection was convened on June 13, 2007.  Counsel for the Debtor and Cadle participated at the R/S Hearing;

**WHEREAS,** on June 15, 2007 this court issued that certain Brief Memorandum and Order Conditioning Automatic Stay and Scheduling Evidentiary Hearing (Doc. I.D. No. 23, the "Prior Order"). The Prior Order: continued the R/S Hearing on the Section 365(d)(4) issue on an evidentiary basis to June 25, 2007; and, subject to the condition that the Debtor file and serve a motion (an "Avoidance Motion") to avoid the Lien pursuant to 11 U.S.C. § 522(f) prior to June 25, 2007, continued the automatic stay in respect of the Property to June 25, 2007;

**WHEREAS,** on June 20, 2007, the Debtor filed an Avoidance Motion (*see* Doc. I.D. No. 26);

**WHEREAS,** on June 25, 2007, Cadle filed an objection (Doc. I.D. No. 32, the "Exemption Objection") to the Debtor's claim of the Homestead Exemption;[3]

---

[2] The R/S Motion claims that the Debtor owned an interest in the Property at the time the Lien was recorded.  The R/S Motion claims that, in September of 2004, the Debtor and her former husband transferred their respective one-half interests in the Property to a certain Arthur Lamme (the "Conveyance").  The R/S Motion further claims that after foreclosure was begun and about three weeks before the commencement of this case, Mr. Lamme reconveyed a one-half interest in the Property to the Debtor (the "Reconveyance").

[3] The R/S Motion, the R/S Objection, the Avoidance Motion and the Exemption Objection hereafter are referred to collectively as the "Matters."

**WHEREAS,** on September 19, 2007, the court issued an Order Rescheduling Evidentiary Hearing, which (a) scheduled an evidentiary hearing (the "Evidentiary Hearing") in respect of the Matters for November 8, 2007 and (b) continued the automatic stay in respect of the Property subject to further order of the court;

**WHEREAS,** in connection with the impending Evidentiary Hearing (and presumably pursuant to orders of this court issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure on July 3, 2007 (*see* Doc. I.D. Nos. 39, 40)), on August 14, 2007 and on August 30, 2007 Cadle conducted the respective depositions of the Debtor and Mr. Lamme;

**WHEREAS,** during their respective depositions both the Debtor and Mr. Lamme asserted the attorney-client privilege (the "Privilege") with respect to certain questions propounded to them by counsel for Cadle.  The Debtor asserted the Privilege with respect to (1) her reasons for commencing this case (the "Commencement Issue") and (2) the reasons for the Reconveyance (the "Reconveyance Issue").  Mr. Lamme asserted the Privilege with respect to the Reconveyance Issue;[4]

**WHEREAS,** on October 5, 2007, Cadle filed The Cadle Company's Motion To Compel Testimony (Doc. I.D. No. 65, the "Motion To Compel") with respect to the foregoing;

**WHEREAS,** on October 23, 2007, the Debtor filed an objection to the Motion To Compel (Doc. I.D. No. 77, the "Deposition Objection");[5]

**WHEREAS,** a hearing (the "10/23/07 Hearing") was held on the Motion To Compel and the Deposition Objection on October 23, 2007;

---

[4]    The Debtor and Mr. Lamme assert the Privilege only with respect to their interactions with Attorney Boatman, who represents the Debtor in this case.

[5]    Doc. I.D. No. 77 appears to amend Doc. I.D. No. 76 in that the former pleading has a certificate of service attached whereas the latter pleading (while otherwise identical) does not.

**WHEREAS,** at the 10/23/07 Hearing the court concluded that Cadle's assertions that (a) the Debtor and Mr. Lamme had waived the Privilege as to Attorney Boatman and (b) that the "crime-fraud" exception to the Privilege applied with respect to Attorney Boatman were each unpersuasive for the reasons set forth in the Deposition Objection;

**WHEREAS,** at the 10/23/07 Hearing the court announced that the "at issue" exception to the Privilege was less easily disposed of. The "at issue" exception to the attorney-client privilege applies and there is a deemed waiver of the privilege if the following factors are satisfied: (1) the party raised the privilege by an affirmative act; (2) the party put the protected information at issue by making it relevant; and (3) applying the privilege would deny the opposition information that is crucial to its defense. *Pereira v. United Jersey Bank,* No. 94 Civ. 1565 (LAP), 94 Civ. 1844 (LAP), 1997 WL 773716, at *2 (S.D.N.Y. Dec. 11, 1997);

**WHEREAS,** the court concludes that with respect to the Commencement Issue, the third *Pereira* factor is not satisfied because the Debtor is willing to stipulate that the Cadle debt (both secured and unsecured) was the reason for her commencement of this case;

**WHEREAS,** the court has determined that the record needs to be developed further in order to rule upon the assertion of the Privilege with respect to the Reconveyance Issue;

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that, with respect to the Commencement Issue only, the Motion To Compel is denied and the Deposition Objection is sustained; *provided, further,* that the Debtor is deemed to have stipulated that the reason for her commencement of this case was to deal with the Cadle debt (both secured and unsecured); and it is further

**ORDERED**, that on October 30, 2007 (at a specific time and place agreed upon by the parties), Cadle may continue the depositions of the Debtor and Mr. Lamme; *provided, however,* that such continued depositions shall be limited to the Reconveyance Issue (and reasonable follow-up questions) and *provided further* that the respective subpoenas requiring the Debtor and Mr. Lamme to appear at their respective prior depositions shall be deemed to require them to appear as aforesaid on October 30, 2007; and it is further

**ORDERED,** that the 10/23/07 Hearing is continued to November 7, 2007 at 2:00 p.m. with respect to the Reconveyance Issue only; and it is further

**ORDERED,** that the Clerk's office shall serve a copy of this order by this court's CM/ECF system (if applicable, otherwise by first-class mail) on counsel for the Debtor, counsel for Cadle, counsel for the State of Connecticut and the chapter 7 trustee.

Dated: October 24, 2007                                                BY THE COURT

                                                                       Lorraine Murphy Weil
                                                                       United States Bankruptcy Judge